CLERKS OFFICE U.S. DISTRICT COURT
AT ABINGDON, VA
FILED

FEB 03 2020

JULIA C. DUDLEY, CLERK
BY: J. Clark
DEPUTY CLERK

# UNITED STATES DISTRICT COURT

for the

Western District of Virginia

In the Matter of the Search of
*(Briefly describe the property to be searched or identify the person by name and address)*
110 Mount Vernon Drive
Bristol, VA

Case No. 1:20mj15

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that there is now concealed on the following person or property located in the Western District of Virginia *(identify the person or describe property to be searched and give its location)*: 110 Mount Vernon Drive, Bristol, VA, VA - to include the residence, curtilage, garages, outbuildings, campers, persons and vehicles present, and vehicles in the immediate vicinity of the residence provided the keys to or operators of said vehicles are found on the premises. Attachment A consists of a photograph of the residence.

The person or property to be searched, described above, is believed to conceal *(identify the person or describe the property to be seized)*: See Attachment B

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

- ☑ evidence of a crime;
- ☑ contraband, fruits of crime, or other items illegally possessed;
- ☑ property designed for use, intended for use, or used in committing a crime;
- ☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of 21 U.S.C. § 846/841(a)(1) and/or 841(a)(1), and the application is based on these facts: See Attachment C

☑ Continued on the attached sheet.

☐ Delayed notice of ___ days (give exact ending date if more than 30 days: ___________ ) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

[signature]
*Applicant's signature*

Brian Snedeker, Special Agent
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 2/3/20

[signature: Pamela Meade Sargent]
*Judge's signature*

City and state: Abingdon, Virginia

Pamela Meade Sargent, USMJ
*Printed name and title*

# ATTACHMENT A



110 Mount Vernon Road, Bristol, VA

ATTACHMENT B

1. Methamphetamine, methamphetamine distribution paraphernalia including (but not limited to) scales, cutting material, plastic baggies, wrapping material; electronic communication devices (such as cellular telephones) that are used to communicate with other drug traffickers/co-conspirators; electronic equipment used for counter-surveillance to include video surveillance systems and related DVRs (digital video recorders), scanners, and anti-bugging devices.

2. Firearms, including but not limited to handguns, rifles, and shotguns that are commonly used by individuals to protect controlled substances and related drug proceeds/assets. Firearms, oftentimes stolen, are also routinely bartered in exchange for controlled substances.

3. Books, records, ledgers, notes, and videos pertaining to the illicit distribution, purchasing, and transporting of methamphetamine.

4. Messages, letters, telephone numbers, and addresses relating to customers, suppliers, and other co-conspirators involved with the illicit distribution, purchasing, and transporting of methamphetamine. These messages, letters, telephone numbers, and addresses may be written on personal calendars, personal address and /or telephone books, Rolodex type indices, notebooks, loose pieces of paper, and found in mail.

5. Photographs and videos depicting methamphetamine, drug distribution paraphernalia, substantial assets, co-conspirators, and persons with methamphetamine,

6. Books, ledgers, receipts, bank statements, cashier's checks, and other items evidencing the acquisition, secreting, transferring and/or concealment of assets or the expenditure of narcotics proceeds.

7. Items or articles of personal property tending to show ownership, dominion, or control of the premises/property/vehicles. Such items or articles include (but are not limited to) personal identification, personal correspondence, diaries, checkbooks, notes, photographs, keys, receipts, mail, personal telephone and address books, videos, and motor vehicle related documents (titles/registrations).

8. Large amounts of currency (exceeding $1000.00) or readily transported assets which are used as cash equivalents (cashier's checks, prepaid money/credit cards, money orders etc.)

9. Items listed in Paragraphs 3 through 7 may be stored in digital media. Therefore, digital media (including but not limited to computers/computer hard drives, digital video recorders (DVRs), floppy disks, CD's, flash/jump drives, personal digital assistants (PDA's), cellular telephones/smartphones, digital cameras, iPODs, iPADs, etc.) are to be seized and examined for the items listed in Paragraphs 3 through 7.

ATTACHMENT C

AFFIDAVIT of
Special Agent Brian Snedeker
Drug Enforcement Administration
Bristol, Virginia

1. I, Special Agent Brian Snedeker, being duly sworn hereby depose and say:

2. The purpose of this application and affidavit is to secure a search warrant for the premises known as 110 Mount Vernon Drive, Bristol, VA. This affiant, after obtaining and reviewing information, believes there is evidence of distribution of methamphetamine and/or conspiracy to distribute methamphetamine at 110 Mount Vernon Drive, Bristol, VA in violation of 21 USC 841(a)(1) and 846/841(a)(1).

3. I am a Special Agent with the Drug Enforcement Administration (DEA) and have been so employed for approximately (28) years. During my employment I have received comprehensive classroom training from the Drug Enforcement Administration in specialized narcotic investigative matters including but not limited to drug interdiction, drug detection, money laundering techniques and schemes, smuggling, and the investigation of individuals and organizations involving the smuggling, cultivation, manufacturing, and illicit trafficking of controlled substances and controlled substance precursors. I have participated in the investigations and subsequent arrests of hundreds of individuals involved with the trafficking of methamphetamine (a Schedule II Controlled Substance). I have also executed hundreds of search warrants related to the trafficking and manufacturing of methamphetamine.

4. The facts set forth in this affidavit are known to me as a result of my participation in the investigation of Fairie Angela Roark and information provided to me by other law enforcement officers. Any reference to the gender of any unnamed person within this affidavit does not necessarily reflect the true gender of said person.

5. During August 2019, Fairie Angela Roark was charged with possession with intent to distribute a Schedule I or II controlled substance (methamphetamine) in Bristol, VA.

6. During the last (4) months, an admitted methamphetamine trafficker advised law enforcement (against her own penal interest) that she was obtaining ounce and/or multi-ounce quantities of methamphetamine from/through Fairie Angela Roark.

7. During the last (10) days, a confidential source performed a controlled purchase (surveilled, monitored, and recorded by law enforcement) of methamphetamine from Fairie Angela Roark in Bristol, VA.

8. During the last (5) days, the Bristol Virginia Police Department received a citizen's complaint about traffic going to and from Fairie Angela Roark's residence at night (usually after 9:30pm) with the visiting traffic only staying for (10) or (15) minutes. The citizen's complaint also noted that Roark exits her residence and approaches

vehicles parked in front of her house during the above described nighttime activities. This affiant, based upon his own training, experience, and conversations with other experienced narcotics investigators, recognizes such described activity as consistent with drug trafficking from/at a residence.

9. This affiant is aware based on his training, experience, and conversations with other law enforcement officers that individuals who distribute and/or conspire to distribute methamphetamine typically maintain methamphetamine, methamphetamine distribution paraphernalia (small, plastic, Ziploc-type baggies, digital scales, etc.), notes, records, messages, and telephone numbers (pertaining to methamphetamine trafficking related contacts/co-conspirators/customers), and other items as listed and explained on Attachment B (of the Application and Affidavit for Search Warrant to which this affidavit is attached) on their persons, inside their residences (and the residences/distribution locations they utilize for narcotics trafficking purposes) and related garages, outbuildings/barns, campers, vehicles (or the vehicles they operate), and inside of vehicles registered to other persons when those vehicles are parked at or in the immediate vicinity of the trafficker's/conspirator's residence/property/distribution location.

10. This affiant is aware based on his training, experience, and conversations with other law enforcement officers that persons who distribute and/or conspire to distribute methamphetamine routinely have individuals who are customers and/or co-conspirators present at their residences (and the residences/distribution locations they utilize for narcotics trafficking purposes) and related, garages, outbuildings/barns, and campers. These customers/co-conspirators are typically drug users and drug traffickers themselves as they generally sell some (if not all) of the methamphetamine they purchase in order to make a profit, pay for their own drug habits, or both. These customers/co-conspirators often illegally possess methamphetamine and drug use paraphernalia along with notes, records, messages, and telephone numbers (pertaining to the acquisition/distribution of methamphetamine), and other items as listed and explained on Attachment B (of the Application and Affidavit for Search Warrant to which this affidavit is attached) on their persons and in their vehicles (or the vehicles they operate) which are oftentimes parked at or in the immediate vicinity of their sources'/co-conspirators' residences/properties/distribution locations.

11. This affiant, on multiple occasions during the last several years, has had methamphetamine distributors and/or manufacturers destroy/attempt to destroy evidence (methamphetamine and/or mixtures containing methamphetamine) of methamphetamine distribution and/or manufacturing during the execution of federal search warrants. During these incidents, once the methamphetamine trafficker/manufacturer became aware of a law enforcement presence at his/her residence for the purpose of executing a search warrant, the trafficker/manufacturer quickly and easily disposed/attempted to dispose of methamphetamine and/or related mixtures by flushing same down a toilet or rinsing same down a sink inside the residence. In one particular incident during 2019, this affiant had reliable information that a methamphetamine trafficker possessed multiple gallon sized Ziploc-type plastic bags that each contained multiple pounds of methamphetamine. By the time law enforcement officers reached the trafficker's master bathroom during the execution of a federal search warrant at the trafficker's residence, they

found methamphetamine residue/crystals scattered about the floor around the toilet and (2) one gallon Ziploc-type bags laying next to the toilet with one bag containing residue and the other containing approximately (1) ounce of methamphetamine. In that particular incident, this affiant believes multiple pounds of methamphetamine were successfully flushed down the toilet by the methamphetamine trafficker before he retreated to another room in the house where he was subsequently apprehended. Based upon the above, this affiant believes there is reasonable suspicion that knocking and announcing the presence of law enforcement officers at the time of the execution of this search warrant would result in the destruction or attempted destruction of evidence (methamphetamine) by the occupant(s) of the residence.

12. Fairie Angela Roark's known residence is 110 Mount Vernon Drive, Bristol, VA.

13. Based upon the facts set forth above, I believe there is probable cause for the issuance of a search warrant for the premises known as 110 Mount Vernon Drive, Bristol, VA (located within the Western District of Virginia) as there is probable cause to believe that there is evidence of a violation of 21 USC 841(a)(1) and 846/841(a)(1) at said premises.

Brian Snedeker, Special Agent (DEA) — Date: 2-3-2020

Subscribed and sworn to before me, this the 3d day of February, 2020 in Abingdon, Virginia.

Pamela Meade Sargent
United States Magistrate Judge
Western District of Virginia

Seen by:

/s/ Roy F. Evans
Roy F. Evans, SAUSA

02-03-2020
Date